333 So.2d 698 (1976)
Mabel DAVIS
v.
KATZ & BESTHOFF, INC. and Great American Insurance Company.
No. 7509.
Court of Appeal of Louisiana, Fourth Circuit.
June 9, 1976.
*699 Orlando G. Bendana, New Orleans, for plaintiff-appellee.
Robert J. Young, Jr., and Edward L. Levert, Jr., New Orleans, for defendants-appellants.
Before SAMUEL, GULOTTA and MORIAL, JJ.
GULOTTA, Judge.
Defendants appeal from a $4,500.00 general damage award for ill effects suffered when plaintiff ingested a prescription drug, prepared for another person and placed in a container bearing the other person's name, mistakenly placed by employees of the defendant drugstore in a bag bearing plaintiff's name. We affirm.
Defendants' negligence is not disputed. However, defendants contend that plaintiff's claim is barred by contributory negligence and, alternatively, that the award for general damages is excessive. Plaintiff seeks an increase to the sum of $8,500.00.
According to defendants, the procedures and safety measures employed by them in filling prescriptions are designed to prevent a prescription drug being placed in a pill bottle labeled with one person's name and then placed in a bag labeled with another person's name. Defendants claim that both the bag and the prescription bottle bore the name of a person other than plaintiff, and that under the circumstances, plaintiff was contributorily negligent for failing to ascertain that the pill bottle was not labeled with her name.
In written reasons, the trial judge concluded that K & B had given plaintiff medication intended for another person; that plaintiff's name appeared on the bag containing the prescription; and, that plaintiff consumed the drug. The record supports these factual conclusions.
Plaintiff underwent oral surgery, requiring sutures, on May 29, 1974. On that same day, she took her prescription for Percodan, an analgesic, to the drugstore for the purpose of having the prescription filled.
Plaintiff testified that upon hearing her name announced by a K & B employee, she went to the counter, picked up her prescription bag, noticed that her name, as well as her doctor's name, was written on the bag, and paid for her prescription. A pharmacist at K & B, where plaintiff purchased the prescription, testified that although safety measures are employed, a possibility exists that medication prescribed for one person *700 could be placed in the bag of another. Under the circumstances, we cannot say the trial judge erred in concluding that plaintiff received someone else's prescription in a bag bearing her own name.
Dr. José Figueroa testified that the effect of the local anesthetic administered during the oral surgery would have caused a person to become drowsy and less aware of her surroundings. Plaintiff stated that by the time she returned home with the prescription, she was experiencing pain. According to Mabel Davis, she did not discontinue the use of the drug until three days thereafter, when her niece observed that the label on the prescription container bore the name of another person and contained the drug, Meticorten, a steroid. During the three-day period, plaintiff stated the pain persisted, and in accordance with instructions, she took the pills as needed. Plaintiff's niece, who resided with plaintiff between May 30 and July 10 or 20, corroborated the fact that plaintiff was dizzy, feeling ill and incoherent during the several days following oral surgery.
With the above facts in mind, we turn to a consideration of the contributory negligence question. In that connection, we are confronted with the duty placed on plaintiff to inspect the label of a prescription container when the bag in which the container was placed bears the name of the person for whom the prescription is intended.
Contributory negligence is an affirmative defense[1] and must be proved as any other fact. We cannot say that a purchaser of a prescription drug, under ordinary circumstances, does not have a duty placed upon him to inspect the label on the prescription container to ascertain whether the label bears the name of the person for whom the prescription was intended. However, in the instant case, and in view of plaintiff's postoperative state, we cannot conclude that after once having observed her name on the prescription bag, plaintiff was contributorily negligent for failing to make a further inspection of the prescription container label.
We next consider the quantum question. Defendant complains that plaintiff did not prove by a preponderance of the evidence that she suffered ill effects from the Meticorten, or that the ill effects persisted for six months.
Subsequent to oral surgery, plaintiff suffered continued pain, swelling, dizziness, nausea and weakness in the legs. On June 1, 1974, while visiting Dr. Figueroa, plaintiff passed out in the doctor's office. On that date, the doctor noted that Mabel Davis was drowsy and somewhat disoriented. On the following day, plaintiff went to the emergency room at Hotel Dieu and was administered Maalox and Fiorinal as needed for pain. She was discharged from the hospital on the same day.
Dr. Figueroa saw plaintiff on five additional occasions between the June 1, 1974 initial visit and the November 2, 1974 final visit. It was the doctor's opinion that plaintiff's continued complaints of weakness, nausea and hypertension were complications which could have been brought on by the medication. According to the doctor, the Meticorten could also have caused an increase in plaintiff's blood pressure. Diuretics and tranquilizers were prescribed.
Plaintiff's niece testified that during the period she resided with Mabel Davis, plaintiff appeared confused, incoherent and complained of leg weakness. According to the niece, plaintiff could hardly walk.
Considering the ill effects suffered by plaintiff, we conclude that the $4,500.00 general damage award is somewhat high, but not to the extent that the amount of the award constitutes an abuse of the much *701 discretion rule. See Spillers v. Montgomery Ward & Company, Inc., 294 So.2d 803 (La.1974).
The judgment is affirmed.
AFFIRMED.
NOTES
[1] See LSA-C.C.P. art. 1005.